# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| **NATHANIEL MCFADDEN,** | **CIVIL ACTION** |
| Petitioner, | |
| *v.* | **NO. 24-5515-KSM** |
| **BRENDA MASON**, *et al.*, | |
| Respondents. | |

## <u>ORDER</u>

**AND NOW** this 19th day of February, 2026, upon consideration of the Petition for Writ of Habeas Corpus (Doc. No. 2), the response to the Petition for Writ of Habeas Corpus (Doc. No. 12), the Reply in Support of the Petition (Doc. No. 14),[1] the Motion for Appointment of Counsel (Doc. No. 13), the Report and Recommendation filed by United States Magistrate Judge Caroline Goldner Cinquanto (Doc. No. 16), and Petitioner's objections to the Report and Recommendation (Doc. No. 18), and after a thorough and independent review of the record, it is **ORDERED** that:

1.    Petitioner's objections (Doc. No. 18) are **OVERRULED**.[2, 3]

---

[1] As Magistrate Judge Cinquanto did (Doc. No. 16 at 4 n.4), this Court construes Petitioner's Objections to Respondent's Response to Habeas Corpus Relief (Doc. No. 14) as a Reply in Support of his Petition.

[2] While the Court must "make a *de novo* determination of the portions of the report . . . to which objection is made," 28 U.S.C. § 636(b)(1)(C), Petitioners' objections simply rehash arguments he raised before Magistrate Judge Cinquanto, so the Court need not consider them in deciding whether to adopt the Report and Recommendation. *See Palmer v. Astrue*, No. 09cv820, 2010 WL 1254266, at *2 (E.D. Pa. Mar. 31, 2010) ("It is inappropriate for a district court to address objections previously raised before a magistrate judge; to do so would defeat any benefit of judicial efficiency gained by the report and recommendation process." (quotation marks omitted)).

[3] Petitioner makes two objections to the Report and Recommendation. (Doc. No. 18.) ***First***, he argues that Magistrate Judge Cinquanto "failed to address the issue of void judgment relating to ineffective counsel . . . which was discussed in Petitioner's reply brief . . . [and] can be used no matter if

2.      The Report and Recommendation of Magistrate Judge Cinquanto (Doc. No. 16) is

**APPROVED** and **ADOPTED**.

3.      The Petition for Writ of Habeas Corpus (Doc. No. 2) is **DENIED**.

4.      The Motion for Appointment of Counsel (Doc. No. 13) is **DENIED**.

5.      There is no basis for the issuance of a certificate of appealability.[4]

6.      The Clerk of Court is **DIRECTED** to **CLOSE** this case.

**IT IS SO ORDERED.**

*/s/ Karen Spencer Marston*

_____
KAREN SPENCER MARSTON, J.

---

Petitioner is time barred." (Doc. No. 18 at 1.) Notwithstanding that Petitioner agrees this argument was raised before, and considered by, Magistrate Judge Cinquanto, he is substantively incorrect. Section 2254, the habeas statute through which Petitioner seeks relief, has a one-year statute of limitations. 28 U.S.C. § 2244(d). And "[t]imeliness is a threshold matter," which the Petition must survive prior to any merits argument regarding ineffective assistance of counsel. *Sessa v. Klem*, No. 07cv2225, 2007 WL 2769596, at *1 (E.D. Pa. Sept. 20, 2007). **Second**, Petitioner again argues for appointment of counsel. But Petitioner is again incorrect, as Magistrate Judge Cinquanto noted, "[t]here is no constitutional right to counsel in habeas proceedings." *Woods v. Armel*, No. 19cv3303, 2021 WL 12265469, at *1 (E.D. Pa. Sept. 15, 2021) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)).

[4] Because jurists of reason would not debate the procedural or substantive dispositions of Petitioner's claims, no certificate of appealability should be granted. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ("Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward:  The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. . . .  When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.").